UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-mc-20198-CIV (CMA)

NATIONAL LABOR RELATIONS BOARD,

    Applicant,

v.

GIMROCK CONSTRUCTION, INC.,

    Respondent,

    And

MIAMI-DADE EXPRESSWAY AUTHORITY,
THE FLORIDA DEPARTMENT OF
TRANSPORTATION, COMMUNITY
ASPHALT CORP., OCEAN BANK, and
GREAT EASTERN BANK OF FLORIDA,

    Garnishees.

_____/

**RESPONDENT'S EMERGENCY MOTION FOR VACATUR, OR IN THE ALTERNATIVE, FOR AN INTERIM ORDER DISSOLVING WRITS OF GARNISHMENT AND MODIFYING PROTECTIVE RESTRAINING ORDER**

Respondent, Gimrock Construction, Inc., ("Gimrock") hereby moves for vacatur, or in the alternative, for an interim order dissolving the writs of garnishment and modifying the Protective Restraining Order issued by this Court on February 19, 2013 and in support, states as follows:

1. Gimrock requests the vacatur of the Protective Restraining Order and Writs of Garnishment which were entered following the baseless *ex parte* applications of the National Labor Relations Board ("NLRB"), in violation of Gimrock's due process rights. The consequence of the Order, which did not include any findings of fact or conclusions of law justifying its entry, has been that Gimrock's assets are frozen and it is unable to operate its

business. Gimrock also requests that if this Court does not immediately vacate the order and writs, that it immediately enter an interim order dissolving the writs and modifying the Protective Restraining Order so that Gimrock is able to operate while the Court considers Gimrock's arguments for vacatur.

2. On February 14, 2013, the NLRB, which is not authorized to act as it does not currently have a quorum[1], filed an *ex parte* application, under seal, for a post-judgment writ of garnishment and protective restraining order against Gimrock regarding back pay owed by Gimrock to some of its former employees.

3. Notably, the NLRB failed to provide sufficient justification for proceeding *ex parte,* and thereby denied Gimrock its right to due process. The NLRB was aware that Gimrock was operating and intended to continue to operate its business.

4. Additionally, because the back pay at issue is not a debt owed to the United States under the Fair Debt Collection Practices Act ("FDCPA"), the NLRB erred in proceeding under the FDCPA.

5. Nevertheless, on February 19, 2013, this Court issued a Protective Restraining Order against Gimrock and a Writ of Garnishment to the Miami-Dade Expressway Authority, the Florida Department of Transportation, Community Asphalt Corp., Ocean Bank, and Great Eastern Bank of Florida. The Order, which was submitted to the Court by the NLRB, fails to include findings of fact or conclusions of law as is required by Fed. R. Civ. Pro. 52(a)(2).

6. On February 22, 2013, the NLRB filed an *ex parte* application for a post-judgment writ of garnishment with respect to garnishee, the Northern Trust Company.

7. On February 25, 2013, this Court issued a Writ of Garnishment to Northern Trust

---

[1] As is discussed in Gimrock's memorandum of law filed contemporaneously with this motion, the D.C. Circuit held in *Noel Canning v. NLRB*, Case No. 12-1153 (D.C. Cir Jan 25, 2013) that the appointments of Sharon Block and Richard F. Griffin, Jr. to the NLRB were invalid.

Company.

8. Gimrock was not served with copies of either the *ex parte* applications or the resulting order and writs until February 28, 2013.

9. The consequence of the Protective Restraining Order and the Writs of Garnishment has been to completely freeze the assets of Gimrock so that it is unable to pay its bills or to pay wages owed to its current employees, to be paid by its sole customer, Community Asphalt Corp, or to carry on its day-to-day operations.  This has created a substantial hardship for Gimrock and threatens its ability to stay in business.

10. Gimrock is currently in peril due to the Protective Restraining Order and the Writs of Garnishment.  It is now unable to issue checks to its subcontractors and suppliers. Gimrock requires immediate relief from the Protective Restraining Order and the Writs of Garnishment if it is able to continue operating and not face the possibility of laying off its 60 employees and ending its business relationships with its subcontractors.

11. Accordingly, Gimrock respectfully requests that this Court expedite the resolution of this motion to the fullest extent possible, including but not limited to shortening the time the NLRB has to respond to this motion or granting an emergency hearing, if necessary.

12. Additionally, Gimrock respectfully requests that if this Court does not immediately vacate the Order and writs, that this Court immediately grant an interim order dissolving the writs and modifying the Protective Restraining Order so that Gimrock can continue to operate its business while the issues in this motion are resolved in full.

13. Prior to filing this motion, counsel for Gimrock communicated with counsel for the NLRB in an effort to resolve these matters.  These efforts were unsuccessful.

**WHEREFORE,** Defendant respectfully requests that the Court grant this emergency

motion for vacatur, or in the alternative, that it grant an interim order dissolving the writs and modifying the Protective Restraining Order issued by this Court on February 19, 2013.

Date:   March 4, 2013                           Respectfully Submitted,

By: /s/Charles Caulkins
Charles S. Caulkins
(Fla. Bar No. 461946)
ccaulkins@laborlawyers.com
Kenneth A. Knox, Esquire
(Fla. Bar No. 0829455)
kknox@laborlawyers.com
Lisa Ann McGlynn
(Fla. Bar No.0056327)
lmcglynn@laborlawyers.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, FL 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys For Respondent*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **March 4, 2013**, I electronically filed **RESPONDENT'S EMERGENCY MOTION FOR VACATUR, OR IN THE ALTERNATIVE, FOR AN INTERIM ORDER DISSOLVING THE WRITS OF GARNISHMENT AND MODIFYING PROTECTIVE RESTRAINING ORDER** with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.

**Susy Kucera**
National Labor Relations Board
Region 12 Miami Resident Office
51 SW 1st Avenue
Suite 1320
Miami, FL 33130
Email: skucera@nlrb.gov


By: /s/Charles Caulkins
Charles S. Caulkins
(Fla. Bar No. 461946)
ccaulkins@laborlawyers.com
Kenneth A. Knox, Esquire
(Fla. Bar No. 0829455)
kknox@laborlawyers.com
Lisa Ann McGlynn
(Fla. Bar No.0056327)
lmcglynn@laborlawyers.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, FL 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys For Respondent*