UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:13- mc-20198-CIV (CMA)

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) |
| Applicant, | ) |
| v. | ) |
| GIMROCK CONSTRUCTION, INC. | ) |
| Respondent, | ) |
| and | ) |
| MIAMI-DADE EXPRESSWAY AUTHORITY, THE FLORIDA DEPARTMENT OF TRANSPORTATION, COMMUNITY ASPHALT CORP., OCEAN BANK, and GREAT EASTERN BANK OF FLORIDA | ) |
| Garnishees, | ) |
| and | ) |
| NORTHERN TRUST COMPANY | ) |
| Additional Garnishee | ) |

**RESPONDENT'S EMERGENCY MOTION
TO MODIFY THE TERMS OF THE WRIT OF GARNISHMENT
DIRECTED TO THE NORTHERN TRUST COMPANY**

Respondent Gimrock Construction, Inc. ("Respondent" or "Gimrock"), through undersigned counsel, hereby moves that the Writ of Garnishment issued on February 27, 2013, against Gimrock funds held by Northern Trust Company be modified as specified below, and states as follows:

1

1. On February 14, 2013, the National Labor Relations Board ("the Board") filed its *Ex Parte* Application for Post-Judgment Writ of Garnishment and for a Protective Restraining Order ("Application") pursuant to §3205(b)(7) of the Federal Debt Collection Procedures Act ("FDCPA") against Respondent Gimrock Construction Inc. [ECF 4.]

2. On February 19, 2013, the Court granted the Board's application and issued a Protective Restraining Order against Gimrock and its "officers, agents . . . representatives, successors and assigns" prohibiting them from, *inter alia*, "alienating, dissipating, distributing, transferring, encumbering, assigning, paying over or otherwise disposing of any monies or assets belonging to, or in the possession or control of Respondent, until and unless Respondent first furnishes to the Board $697,107.85." [ECF 11.] That same day, the Court issued a Writ of Garnishment against funds of Gimrock that were in the possession or control of the Miami-Dade Expressway Authority, the Florida Department of Transportation, Community Asphalt Corp., Ocean Bank, and Great Eastern Bank of Florida. [ECF 12]

3. On February 22, 2013, the Board filed an additional Application for a Writ of Garnishment directed to the Northern Trust Company. [ECF 17.] On February 27, 2013, the Court granted the Board's application and issued a Writ of Garnishment against funds of Gimrock in the possession or control of the Northern Trust Company. [ECF 20].

4. On March 4, 2013, Gimrock filed an Emergency Motion for Vacatur or in the Alternative, for an Interim Order Dissolving Writs Of Garnishment and Modifying Protective Restraining Order. [ECF 22.]

5. On March 8, 2013, the Parties filed an Emergency Joint Motion of Applicant and Respondent to Hold in Abeyance Respondent's Emergency Motion for Vacatur and to Modify the Terms of the Writ of Garnishment Directed to the Northern Trust Company. [ECF 34].

6. On March 11, 2013, this Court granted the Parties' Emergency Joint Motion to Hold in Abeyance Respondent's Emergency Motion for Vacatur and to Modify the Terms of the Writ of Garnishment Directed to the Northern Trust Company. [ECF 36]. That Order stated that "[t]he Writ of Garnishment directed to the Northern Trust Company [ECF No. 20] entered on February 27, 2013, is hereby modified to permit the Northern Trust Company to immediately release a total of $250,000 from the funds in the possession or control, of the Northern Trust Company that otherwise would be subject to the aforementioned Writ of Garnishment." [ECF 36].

7. The $250,000 which was released from the Northern Trust Company to Gimrock on March 13, 2013 has been depleted. On March 14, 2013, Gimrock provided documents to the Board which showed that the money was spent on necessary supplies, materials, and to pay the salaries of Gimrock's field staff. However, the money was not sufficient to cover all of Gimrock's necessary business expenses. For example, Gimrock's office staff has now gone three weeks without receiving a paycheck, and Gimrock does not currently have access to its assets to pay these employees. Gimrock has a continuing and pressing need to have access to additional funds in order to provide for its reasonable and necessary business expenses.

8. The Parties stated in their March 8, 2013 Joint Motion that "[t]he Parties agree that Gimrock may require an additional release(s) of funds prior to April 8, 2013. In that event, the Board agrees that it will consider such a request and the Parties will file a joint motion for the release of additional funds provided the expenditures are for "reasonable and necessary current business expenses" as required by the PRO." However, and despite the fact that Gimrock is now again unable to pay its reasonable and necessary business expenses, the Board has unreasonably refused to agree to a motion for the release of additional funds.

9. Accordingly, Gimrock requests that, notwithstanding the outstanding Writ of Garnishment, this Court issue an Order that the Northern Trust Company immediately may release $250,000, which is in addition to the $250,000 previously released, from the funds held in Gimrock's operating account at Northern Trust Company that would otherwise be subject to the Writ of Garnishment.  Releasing these funds will allow Gimrock to continue to operate while this matter is pending.

10. The Court has the inherent authority to control the proceedings before it, including granting the relief requested in this motion. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1237-38 (11th Cir. 2007).

11. Prior to filing this motion, counsel for Gimrock communicated with counsel for the Board in an effort to resolve these matters.  These efforts were unsuccessful.

**WHEREFORE,** Defendant respectfully requests that the Court grant this emergency motion to modify the writ of garnishment directed to the Northern Trust Company so that the Northern Trust Company immediately may release an additional $250,000 from the funds held in Gimrock's operating account that would otherwise be subject to the Writ of Garnishment.

Date:   March 14, 2013                              Respectfully Submitted,

                                                  By: /s/Charles Caulkins
                                                     Charles S. Caulkins
                                                     (Fla. Bar No. 461946)
                                                   ccaulkins@laborlawyers.com
                                                   Kenneth A. Knox, Esquire
                                                   (Fla. Bar No. 0829455)
                                                   kknox@laborlawyers.com
                                                   Lisa Ann McGlynn
                                                   (Fla. Bar No.0056327)
                                                   lmcglynn@laborlawyers.com
                                                   FISHER & PHILLIPS LLP
                                                   450 East Las Olas Boulevard

Suite 800
Fort Lauderdale, FL 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys For Respondent*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **March 14, 2013**, I electronically filed **RESPONDENT'S EMERGENCY MOTION TO MODIFY THE TERMS OF THE WRIT OF GARNISHMENT DIRECTED TO THE NORTHERN TRUST COMPANY** with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.

Susy Kucera
National Labor Relations Board
Region 12 Miami Resident Office
51 SW 1st Avenue
Suite 1320
Miami, FL 33130
Email: skucera@nlrb.gov

Barbara A. O'Neill, Acting Branch Chief
Diana Orantes Embree, Senior Trial Attorney
Contempt Litigation and Compliance Branch
1099 14th Street N.W., Suite 10700
Washington, D.C.  20570
Tel. (202) 273-2958
Tel. (202) 273-1082
FAX : (202) 2783-4244
Barbara.Oneill@nlrb.gov
Diana.embree@nlrb.gov

By: /s/Charles Caulkins
Charles S. Caulkins
(Fla. Bar No. 461946)
ccaulkins@laborlawyers.com
Kenneth A. Knox, Esquire
(Fla. Bar No. 0829455)
kknox@laborlawyers.com
Lisa Ann McGlynn
(Fla. Bar No.0056327)
lmcglynn@laborlawyers.com
FISHER & PHILLIPS LLP

6

450 East Las Olas Boulevard
Suite 800
Fort Lauderdale, FL 33301
Telephone (954) 525-4800
Facsimile (954) 525-8739

*Attorneys For Respondent*